IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANNE BURNS and JOHN T. BURNS,

    Plaintiffs,

v.                                              Civil Action No. 5:19CV31
                                                                            (STAMP)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND
AND DENYING REQUEST FOR ATTORNEY'S FEES
AND COSTS AS FRAMED**

I. <u>Background</u>

The plaintiffs, Anne Burns and John T. Burns, originally filed their complaint in the Circuit Court of Brooke County, West Virginia against defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), seeking (1) a judicial declaration that Anne Burns has not been "made whole" by the original settlement and (2) payment of $12,500.00 in underinsured motorist ("UIM") benefits for Anne Burns. ECF No. 1-1 at 9. As the result of a 2015 automobile accident, plaintiffs seek to recover UIM coverage benefits from State Farm, along with any extra-contractual benefits, compensatory damages, attorney's fees and costs, interest, annoyance and inconvenience, punitive and other general damages. The underlying suit was settled through the tortfeasor's insurance policy with settlement payments of $25,000.00 for Anne Burns and $4,500.00 for John T. Burns. ECF No. 1-1 at 6.

Defendant State Farm then removed the civil action to this Court. ECF No. 1. In the notice of removal, State Farm asserts that this is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed pursuant to the provisions of 28 U.S.C. § 1441, because there is complete diversity as to all real parties in interest. ECF No. 1 at 2. Further, State Farm asserts that the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Id.

State Farm asserts that there is complete diversity because the plaintiffs are residents of West Virginia and State Farm is an Illinois corporation with its principal place of business in Illinois. Next, State Farm contends that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, citing plaintiffs' UIM bodily coverage benefits of $100,000.00 per person and $300,000.00 per accident, as well as plaintiffs' intent to seek attorney's fees and costs, along with an unspecified amount of consequential damages, interest, annoyance and inconvenience damages, and punitive damages. ECF No. 1 at 3.

The plaintiffs then filed a timely motion to remand in which they argue that the defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. ECF No. 4. The plaintiffs assert that prior to the filing of the complaint, they did not make a

demand for an amount in excess of $75,000.00, exclusive of interest and costs. Rather, plaintiffs contend that prior to the filing of the underlying complaint, the plaintiffs had filed a claim for only $12,500.00 of their UIM benefit coverage. ECF No. 5 at 11. While plaintiffs have since the original UIM payment request added claims for attorney's fees, costs, and general damages, plaintiffs maintain that State Farm fails to demonstrate how these additional costs will reach $75,000.00, exclusive of interests and costs. Id. at 7. Under these circumstances, plaintiffs contend State Farm has not met its burden, and merely relies upon speculation, not facts, in its attempt to satisfy the amount in controversy requirement. Therefore, plaintiffs assert removal was inappropriate as this Court lacks subject matter jurisdiction. Id. at 6.

Defendant State Farm filed a response in opposition to the plaintiffs' motion to remand. ECF No. 7. In response, State Farm argues the amount in controversy in this case exceeds the jurisdictional amount in controversy threshold by a preponderance of the evidence. Id. at 6. In its attempt to satisfy the amount in controversy requirement, State Farm combines the $12,500.00 in UIM benefits with $12,256.72 in medical bills surrounding the declaratory judgment and an estimated $8,252.24 in attorney's fees to arrive at a total of $33,008.67. Id. at 12. Defendant argues that this Court should find that defendant has met its burden because this amount, plus the variable of unspecified damages could

result in the value of the claim exceeding $75,000.00, excluding interest and costs. Id. at 17.

Additionally, defendant adds that because plaintiffs claim a right to recover attorney's fees in addition to their claim for underinsured motorist benefits, Marshall v. Saseen[1] and Hayseeds, Inc. v. State Farm Fire & Casualty[2] apply in regard to presumptive calculation of reasonable attorney's fees. Furthermore, defendant asserts that claims for attorney's fees made pursuant to Hayseeds, can be considered in determining whether the amount in controversy has been met. ECF No. 7 at 11. Thus, defendant argues that even though plaintiffs' attorney's fees claim is not quantified in the complaint, this Court can conclude that the attorney's fee sought, coupled with the special, punitive, and other general damages previously stated, satisfy the amount in controversy. Id. at 17. Lastly, State Farm claims that this Court should deny plaintiffs' request for attorney's fees and costs within their motion to remand because defendant had an "objectively reasonable basis for seeking removal." Id.

The plaintiffs filed a reply to State Farm's response in opposition. ECF No. 9. In reply, the plaintiffs maintain that this case should be remanded because the defendant has failed to

---

[1] Marshall v. Saseen, 192 W. Va. 94, 450 S.E.2d 791 (1994).

[2] Hayseeds, Inc. v. State Farm Fire & Casualty, 177 W. Va. 323, 352 S.E.2d 73 (1986).

4

prove that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Id. Plaintiffs allege a flawed calculation by State Farm and a failure by State Farm to produce evidence regarding the value of plaintiffs' claim. Id. In addition, plaintiffs argue that because State Farm cannot demonstrate the requisite amount in controversy, this Court should award the plaintiffs their attorney's fees and costs in responding to the notice of removal, pursuant to 28 U.S.C. § 1447(c).

For the reasons set forth below, the plaintiffs' motion to remand (ECF No. 4) is GRANTED and the plaintiffs' request for attorney's fees and costs is DENIED.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization,

Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

III. Discussion

There is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1332(a). Based on the record before this Court, because defendant fails to meets its burden of satisfying the amount in controversy, the plaintiffs' motion to remand must be granted.

This Court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 555 (2014). However, the defendant in this case fails to demonstrate that the amount in controversy requirement has been satisfied. In its response in opposition, State Farm appears to count the plaintiffs' original claim twice, once as $12,256.72 concerning the declaratory judgment for "medical expenses alleged to be related to the accident at issue" and again as $12,500.00 against plaintiffs' UIM coverage. ECF No. 7 at 12. Defendant compounds this potential error by tallying attorney's costs and fees for both claims, $4,085.57 for the declaratory judgment and $4,166.67 for the UIM claim. Id. Even with this calculation, State Farm is only able to bring the amount in controversy to $33,008.67 ($16,342.29 for the declaratory judgment plus $16,666.67 for the UIM claim), which falls far short of the amount in controversy requirement. Id. Next, State Farm directs the Court to plaintiffs' request for general, consequential

7

and punitive damages, drawing analogies between the case at issue and past rulings in other cases that provided plaintiffs with large awards of damages well beyond the amount in controversy. Id. at 14. This Court is not persuaded by defendant's argument, as it rests on a seemingly inaccurate valuation and speculates as to additional damages which are not quantified and are conditional at best.

As stated earlier, the amount in controversy requirement cannot be based on speculation as to what may occur. Rather, this Court is limited to a consideration of facts on the record at the time of removal. See Lowery, 483 F.3d at 1213-15. At this time, the amount of damages that may or will be recovered is unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. Therefore, because the defendant only speculates as to the amount of damages, particularly consequential and punitive damages, removal is improper. As stated earlier, removal jurisdiction is strictly construed and, if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151.

The Court notes, however, that nothing in 28 U.S.C. § 1446(b)(3) prevents defendant from filing a second notice of removal should later-discovered facts demonstrate that the claim

8

exceeds $75,000.00. If such facts were discovered, defendant could remove the action a second time within 30 days of discovery, provided it is within one year after the original complaint was filed. Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999).

Lastly, this Court denies the plaintiffs' request for costs and expenses, including attorney's fees, because the defendant provided a colorable claim for removal on the basis of subject matter jurisdiction. See Martin v. Franklin Capital Corp., 546 U.S. 132, 132 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

IV. Conclusion

For the reasons set forth above, the plaintiffs' motion to remand (ECF No. 4) is GRANTED and the plaintiffs' request for attorney's fees and costs is DENIED. Accordingly, it is ORDERED this civil action is remanded to the Circuit Court of Brooke County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia. Pursuant to

Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 25, 2019

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE